### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MICHAEL MUÑIZ-SÁNCHEZ** | **Crim. No. 13-310 (JAG)**<br>**Crim. No. 15-462** |

### MEMORANDUM AND ORDER

On September 2, 2025, the U.S. Probation Office filed a motion notifying the Court of Defendant's violations of his conditions of supervised release. Crim. No. 13-310 (JAG) at Docket No. 65 and Crim. No. 15-462 (JAG) at Docket No. 5248. The motions in both cases are identical. The USPO alleges that Defendant violated the following conditions of release: (1) Mandatory Condition No. 2: "The Defendant shall not commit another federal, state or local crime."; (2) Mandatory Condition No. 3: "The Defendant shall not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court."; (3) Standard Condition No. 3: "The Defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer."; (4) Standard Condition No. 7: "The Defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician."; (5) Standard Condition No. 11: "The Defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer."; (6) Special Condition: "The Defendant shall not unlawfully possess a controlled substance. The Defendant shall participate in an approved substance abuse monitoring and/or treatment services program. The Defendant shall refrain from the unlawful use of controlled substances and shall submit to a drug test within 15 days of release from imprisonment."; and (7) Special Condition: "The Defendant shall participate […] in an approved mental health treatment program for evaluation and/or treatment services determination. If deemed necessary, the treatment

1

will be arranged by the Office in consultation with the treatment provider; the modality, duration and intensity of treatment will be based on risks and needs identified. The Defendant will contribute to the costs of services rendered by means of co-payment, based on his ability to [make] payments, as approved by the Court.". The Defendant did not contest the violations pertaining to the possession and use of controlled substances, and his failure to comply with testing and treatment for such use. I thus found probable cause that Defendant violated Mandatory Condition No. 3, Standard Condition No. 7, and the corresponding Special Condition. See Docket No. 76.

I heard testimony and received evidence on all other purported violations by Defendant. The Government presented the testimony of United States Probation Officer José Lozada, and documentary evidence was admitted and marked as Government Exhibits 1, 2, and 3. Post-hearing arguments were heard and I took the matter under advisement. After carefully considering the testimonial and documentary evidence, I find probable cause that Defendant violated his conditions of supervised release as alleged by the USPO.

### I. Preliminary Hearing Standard

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed.R.Crim.P. 32.1(b)(1)(A). The concept of probable cause is a narrow one. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I. Mar. 13, 2014) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987)). See also United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)).

Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. Fed. R. Evid. 1101(d)(3). Nonetheless, the defendant in a preliminary revocation hearing is entitled to "an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(1)(B)(iii). See United States v. Fontanez, 845 F.3d 439, 443 (1st Cir. 2017) (releasee does not have a Sixth Amendment right to confront witnesses). As such, a finding of probable cause may be based, in whole or in part, on hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972) (if a witness is at risk of harm, he need not be subjected to confrontation and cross-examination); United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005). But admission of hearsay evidence is not automatic. The Court must conduct a balancing test between the defendant's

right to confront the witnesses and "what good cause may exist for denying confrontation in a particular instance." Fontanez, 845 F.3d at 443 (citing Rondeau, 430 F.3d at 48). For the Court to consider hearsay evidence during a preliminary revocation hearing, the proposed evidence must be found to have *indicia* of reliability, and the government must have proffered a good reason for not producing the witness. Id.; United States v. Marino, 833 F.3d 1, 5 (1st Cir. 2016).

## II. Discussion

USPO Lozada testified that, after Defendant was released from imprisonment, he explained to Defendant his conditions of release. USPO Lozada supervises Defendant's compliance with those conditions. He also testified that, on August 30, 2025, he received a call from Defendant's brother to notify him that Defendant had assaulted his mother on that day. USPO Lozada testified that he speaks regularly with Defendant's mother, and he has her contact information in his phone. USPO Lozada interviewed Defendant's mother on August 31, 2025, and she reported that Defendant grabbed her by the neck, hit her a few times, and threw her against the wall. And that she then fell and broke her elbow. USPO Lozada testified that he requested from Defendant's mother evidence of the incident or documentation of medical treatment, and that in response he received three photographs from a phone number that he knows to be Defendant's mother contact information. These photographs were admitted as Government Exhibits 1, 2, and 3. USPO Lozada further testified that the photographs were consistent with the injuries reported by the mother. Puerto Rico Police officers responded to Defendant's house on the day of the incident. Puerto Rico Police officers interviewed the Defendant but did not file charges. USPO Lozada spoke to the officer who assisted on the day of the incident. USPO Lozada explained that the account of Defendant's mother of what had transpired was entirely consistent with what was relayed by Defendant's brother and the Puerto Rico Police officer. Defendant did not report the incident or his interview with police to USPO Lozada. As it pertains to Defendant's other conduct during supervision, USPO Lozada testified that he instructed Defendant to attend mental health and substance abuse treatment on several occasions, but Defendant refused. He also testified that Defendant had to be involuntarily admitted twice for mental health treatment.

Defendant objected to the testimony of USPO Lozada regarding the incident on August 30, 2025, on hearsay grounds. It is well settled that revocation proceedings are not considered criminal prosecutions and that the Defendant has a limited right of confrontation with the witnesses. But precisely because there is such a right, the Court is required to apply a balancing test prior to considering hearsay. This is confirmed both by the language of Rule 32.1(b)(1)(B) of the Federal Rules of Criminal Procedure and First Circuit case law, which require that the Court assess the

apparent reliability of the proposed hearsay evidence and the Government's justification for not producing the declarant as a witness prior to considering hearsay in revocation proceedings.

The proposed hearsay in USPO Lozada's testimony— to establish that Defendant assaulted his mother— has *indicia* of reliability. True, the details of the assault (including her injuries) were provided only by Defendant's mother, and she was not brought forth as a witness during the hearing. There was no corroboration of the testimony pertaining to the severity of the injuries, and whether these injuries required hospitalization or prolonged medical treatment. However, her account that there was **at the very least** a physical assault by Defendant was corroborated initially by Defendant's brother's call to USPO Lozada and then by USPO Lozada's discussion with the Puerto Rico Police officer who responded to the house on the day of the incident. Further corroboration of the assault was provided by the photographs USPO Lozada requested and received from Defendant's mother's phone. See e.g., United States v. Bueno Beltrán, 857 F.3d 65, 68 (1st Cir 2017) (testimony that is rich in detail or corroborated with other evidence could be reliable); Fontanez, 845 F.3d at 443 (objective evidence that corroborates a witness' statement could be persuasive proof of reliability); Marino, 833 F.3d at 5 (affidavits, depositions, and documentary evidence, hearsay corroborated by other statements, detailed testimony, and repeated account of declarant without material changes could be conventional substitutes for live testimony) (citations omitted).

The Government's justification for not producing Defendant's mother as a witness at this juncture is not strong but not insignificant either. The Government explained, and USPO Lozada confirmed, that at the time of the hearing before me, Defendant's mother was in state court waiting to testify on proceedings related to the protective order sought against Defendant. That hearing was scheduled weeks earlier and prior to the one in this case. As such, even though there was nothing preventing the Government from seeking a continuance of this hearing, the witness was indeed unavailable for the scheduled hearing in this case. See e.g., Marino, 833 F.3d at 5, 7 (difficulty and expenses in procuring witnesses could be a valid justification); Bueno Beltrán, 857 F.3d at 68 (absence excused when proceedings were in San Juan and witness was in Miami); Rondeau, 430 F.3d at 49 (concerns for safety of witness may be a valid justification); United States v. Franklin, 51 F.4th 391, 401 (1st Cir. 2022) (same); United States v. Joseph, 2020 WL 565378, at *4 (E.D.N.Y. Feb. 4, 2020) (refusal to cooperate despite Government efforts may be a valid justification). But compare Fontanez, 845 F.3d at 444 (witness on vacation is a weak justification because the Government could have sought a continuance of the hearing). In balance, I find that the proposed hearsay has sufficient *indicia* of reliability to offset the weakness in the Government's justification for not producing the

4

witness at this preliminary proceeding. Considering the part of USPO Lozada's testimony that received corroboration, I find that there is probable cause that Defendant assaulted his mother in violation of Article 108 of the Puerto Rico Penal Code, 33 L.P.R.A. § 5161.

### III.   Conclusion

I find probable cause that Defendant violated Standard Condition No. 3, Special Condition requiring participation in an approved mental health program, Mandatory Condition No. 2 and Standard Condition No. 11.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 22nd of October, 2025.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge
